IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.:

JEFFERY JANCI,

    Plaintiff(s),

vs.

TRACTOR SUPPLY COMPANY and
SCOTT WEBB, as Manager,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JEFFERY JANCI, sues Defendants, TRACTOR SUPPLY COMPANY ("TSC") and SCOTT WEBB, as Manager, and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of Fifty Thousand Dollars ($50,000.00), exclusive of costs, interest, and attorneys' fees. The amount Plaintiff has entered in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet is for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury, in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was and is a natural person residing in Palm Beach County, Florida and was and is *sui juris*.

3. At all times material hereto, Defendant, TSC, was and is Foreign-for-Profit Corporation licensed to do business in the State of Florida.

4. Upon information and belief, Defendant, SCOTT WEBB, is a natural person residing in the State of Florida and was and is *sui juris*.

5. Venue is proper in this Court because Defendants conduct their business operations within Palm Beach County, Florida, and the incident giving rise to this action occurred in Palm Beach County, Florida.

## COUNT I - LIABILITY AS TO TSC

Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 5, as though fully set forth herein and further states:

6. At all times material hereto, and on May 11, 2024, Defendant, TSC owned, operated, managed, controlled, maintained, and/or possessed a 33407 and/or store known as Tractor Supply Co. located at 6100 N Military Trail, Riviera Beach, Florida 32958 ("Premises"), said business being open to the general public, including Plaintiff.

7. At all times material hereto, the Defendant expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

8. On or about May 11, 2024, Plaintiff visited Defendant's premises located at the above address as a business invitee.

9. At said time and place, Plaintiff was a business invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

10. At that time and place, Plaintiff suddenly and without warning tripped and fell due to a improperly placed safety chain tying the tractors/lawnmowers together.

11. At all times material hereto, TSC had actual knowledge of the safety chains on the floor of their lot. Alternatively, the safety chains on their lot existed for such a length of time that, in the exercise of reasonable care, Defendant should have known about it; or the safety chains were on the lot walking surface with regularity and were therefore foreseeable.

12. As Plaintiff was going around the property to shop, he tripped and fell on the chain causing him to fall.

13. At all times material hereto, the Defendant, TSC, by and through its employees, agents, and assigns, owed a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises in a reasonably safe condition, and to warn Plaintiff of latent or concealed dangers, which are or should be known to the Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care.  The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

   a) Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff;

   b) Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition;

   c) Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff;

   d) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;

   e) Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time

such that Defendant should have known of same had Defendant exercised reasonable care;

14. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, JEFFERY JANCI, sues Defendant, TSC, for damages and demands judgment in excess of fifty thousand dollars ($50,000), plus interest and costs, and for any other relief this Court deems just and proper.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT, SCOTT WEBB, AS STORE MANAGER

Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 5, as though fully set forth herein and further states:

15. At all times material hereto, Defendant SCOTT WEBB, as manager of the WALMART store located at the aforementioned address, was in control of said business.

16. At said time and place, Defendant, SCOTT WEBB, owed to Plaintiff the duty to provide a reasonably safe environment, including, but not limited to, maintaining the store grounds and its surrounding premises including any and all shopping aisle(s), lanes, open shopping areas/lobby, entrances, exits, and the like, encompassing the entire storefront and parking lot, so they would not become tripping and/or falling hazards to unsuspecting customers, and a duty to warn said customers such as Plaintiff of the dangerous condition. SCOTT WEBB had, or should have had knowledge

greater than that of Plaintiff, and/or duty to correct a dangerous condition about which, SCOTT WEBB either knew or should have known, by use of reasonable care.

17. Defendant, SCOTT WEBB negligently failed to exercise reasonable care relating to the said business premises while under his control in that he failed to take reasonable precautions to maintain said premises in a safe condition.

18. Among the duties of the Defendant, MIKHAIL KOROBEYNIKOV, as being the person in control of the premises referred to in numbered paragraph 6 above, was to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous conditions on the floor of said premises and to clean up or remove such dangerous conditions prior to business invitees being injured thereby and to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, while shopping on and at said premises.

19. Notwithstanding that there were located in said store overhead cameras to maintain constant or periodic view of the premises of said store, including the parking lot, some or all of said cameras were not in working order, so that dangerous conditions could and would be timely viewed if the cameras were viewed as they were intended; which was one of the responsibilities of Defendant, SCOTT WEBB, during the period that he was in control of said store, and which duty he failed to perform. Had such duty been performed, the dangerous condition which caused Plaintiff to fall and injure himself would have been observed in time to have corrected such dangerous condition. Additionally, SCOTT WEBB individually directed the method by which the safety chains were to be placed to tie the lawnmowers as to prevent theft.

20. Further, although Defendant TSC, furnished to Defendant SCOTT WEBB a training video directing the manner and time for performing ordinary general maintenance of the premises, that video did not address periodic inspections to discover and correct dangerous conditions in said store, such as the

condition which caused Plaintiff to fall and injure himself; that aspect of maintenance and care having been the responsibility of the individual in control of said premises, to wit: Defendant SCOTT WEBB at the time of the subject accident. Likewise, SCOTT WEBB directed the method by which the safety chains were to be placed to tie the lawnmowers as to prevent theft.

21. Defendant SCOTT WEBB, being then in control of said premises, failed to perform such duty in that he failed to inspect and discover, either individually or by persons under his control, the dangerous condition which caused Plaintiff to fall and injure himself. But for the independent, negligent failure of Defendant, SCOTT WEBB, while in control of such premises, to perform, individually or by persons under his control, such duties and responsibilities, Plaintiff would not have fallen and injured himself, as aforesaid.

22. As a direct and proximate result of the failure of Defendant, SCOTT WEBB, while being in control of said business premises referred to in numbered paragraph 6 above, to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury or damage, said Defendant acted negligently by failing to exercise reasonable care in the maintenance, inspection, warning or mode of operation of said business premises, resulting in Plaintiff, to trip and fall on transitory foreign substances or objects on the parking lot floor, resulting in Plaintiff suffering injuries and damages as a result of falling to the floor.

23. Defendant, SCOTT WEBB, knew, or in the exercise of reasonable care should have known, of the existence of the dangerous condition on the Premises and should have taken action to remedy same.

24. The dangerous condition existed for a sufficient length of time that, in the exercise of reasonable care, Defendant, SCOTT WEBB, knew or should have known of the condition and should have taken action to remedy same.

25. The dangerous condition occurred with such regularity that it was foreseeable to Defendant, SCOTT WEBB, and the Defendant should have taken action to remedy same.

26. As a direct and proximate result of Defendant's negligence, Plaintiff fell and suffered permanent bodily injury in and about her body and extremities, including, but not limited to, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future, and aggravation of a previously existing condition. These losses are either permanent and continuing, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, JEFFERY JANCI, sues Defendant, SCOTT WEBB, for damages and demands judgment in excess of fifty thousand dollars ($50,000), plus interest and costs, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JEFFERY JANCI, demands trial by jury of all issues so triable.

RESPECTFULLY submitted on this 11th day of October, 2024.

> MORGAN & MORGAN, P.A.
> 1700 Palm Beach Lakes Blvd., Suite 500
> West Palm Beach, FL 33401
> Tel.: (561) 812-1550
> Fax: (561) 812-1574
>
> By: /s/ *Marius Boeru*
> MARIUS BOERU, ESQ.
> Florida Bar No.: 15020
> Primary Email: mboeru@ForThePeople.com
> Secondary Email: lplasencia@ForThePeople.com